JOHN GORMAN & another *vs.* THOMAS MONTGOMERY.

In an action to recover for various items of work, if the only question in dispute is whether the work was done for the defendant or for a third person, the plaintiff's books of account are inadmissible to prove that exclusive credit was given to the defendant.

CONTRACT upon an account annexed for shoeing horses. At the trial in the superior court, the defendant admitted the performance of the work in shoeing horses belonging to him, but contended that exclusive credit therefor was given to one Ford, who was using the horses for his own benefit. One of the plaintiffs testified that the defendant told him on the day when the account commenced, that the work might be charged to him, and he would pay for it. The plaintiffs then offered their book of original entries, with the oath of the witness that he made the charges therein to the defendant, according to such order and direction. The defendant objected to this, as incompetent for the purpose of showing to whom the credit was originally given ; but *Putnam*, J. admitted it as evidence of the fact that the charges were so made by one of the plaintiffs to the defendant, at the same time instructing the jury that this fact alone would not sustain the plaintiffs' case. A verdict was returned for the plaintiffs, and the defendant alleged exceptions.

*A. Russ,* for the defendant.

*J. Nickerson,* for the plaintiffs.

By THE COURT. This case comes within *Keith* v. *Kibbe,* 10 Cush. 35. The plaintiffs' book of original entries was inadmissible as to the only question in contention between the parties before the jury, which was, whether the work was done on the credit of the defendant.

The instructions of the court permitted the jury to weigh this evidence in connection with other facts in proof. As we cannot know that it did not materially influence the verdict, the defendant is entitled to a new trial. *Exceptions sustained.*